STATE v. BOYD.

STATE v. TATEM.

1. CHARGE TO JURY—EXCEPTION.—This court will not declare error in a portion of a sentence of a charge to the jury, which, in its entirety, has a meaning different from that which the extracted words excepted to would have if used alone.

2. SELLING LIQUOR WITHOUT LICENSE—IMPRISONMENT.—Under a statute which authorizes the punishment of one convicted of selling liquor without license by fine or imprisonment, or both, the sentence may be to imprisonment only ; and under the general provision of section 2615, General Statutes, such imprisonment may be in the penitentiary with hard labor.

Before NORTON, J., Hampton, June, 1891.

Indictments against R. L. Boyd and W: L. Tatem for selling whiskey without license. So much of the charge to the jury as has any bearing upon the exceptions was as follows :

I am requested to charge you, secondly, "The testimony taken with regard to sales made subsequent to the indictment and inquisition of the grand jury, therefore, is insufficient to warrant conviction under said indictment." And I charge you that, gentlemen, so that the issue will be whether or not the defendants have sold liquor—whiskey—at the time that they are charged with having sold it. The defendants did not go upon the stand and deny that they had sold the whiskey, and they were not bound to go upon the stand and deny it. It is the business of the State to make out its case beyond a reasonable doubt to the jury. The defendant may sit and fold his hands and wait for the State to do that. The State, however, insists that it has done so. The witness, Mr. Dawson, testifies before you that on the 27th day of March, 1890, he bought whiskey from one of these defendants, and that on the 29th day of March he bought it from the other of these defendants. He testified also that each of them had whiskey exposed as if in a bar room, and that there was a sign over one of their places of business advertising the sale *of liquors,* as well as other merchandise.

The defendants insist that the witness Dawson is not worthy of belief, because they say that he is biassed in the case; that he is so biassed that his testimony is not to be believed by the jury. They also say that other witnesses who have testified to corroborating circumstances are also biassed, and they have brought out from one of these witnesses what they claim is sufficient to prove the justice or correctness of their position. One of them said he did not speak to one of these defendants, but that he is perfectly friendly with the other; and they have brought out the fact that these men were selling goods (at least some of them) in the same town, by the statement of the witnesses themselves. It is for you to say whether these statements are true or not true. If you believe them, does the fact that the witness Dawson is, as a rival in business, or that he is engaged in illicit selling of whiskey, as the defendants insist, at any time, or any other circumstance which is testified to in the case, convince you that they are unworthy of belief? Are they sufficient to convince you that they are unworthy of belief? The State says that they are not sufficient to satisfy a jury, and if the witness should be corroborated by the facts and circumstances testified to by several other witnesses that sales of liquors were made by these parties, that you are bound, therefore, if you have unbiassed judgments, to believe the witness Dawson. It is for you to say, gentlemen. It is a question of fact purely for your consideration.

\* \* \* \*

*The Solicitor:* These indictments were found in June, 1890, by the grand jury, as it appears by the indictments, and the State may prove sales at any time before the finding of these indictments.

*The Court*, continuing: Well, gentlemen, up to the finding of the bill. The particular point is that it must be the person whom the sale was charged to have been made to. For instance: I understood both were charged to have been made to Mr. Dawson, and Mr. Dawson said in regard to one of the indictments that he bought several times; I don't recollect whether he said as to both or not; you are to remember, and, therefore, if he stated a precise time, and if there was a sale to Mr. Dawson any time

before the finding of the bill of indictment, in June, 1890, you *may find them guilty.*

*Mr. Z. A. Searson,* for appellant, contended under his first ground of appeal that the judge had indicated his opinion on the facts to the jury. Under his second ground he claimed that as section 1734 of General Statutes provided that "one-half of all fines imposed or collected on any conviction under this chapter shall be paid to the officer or person detecting and reporting violations thereof;" it was contemplated by the law that a fine should be imposed. He further contended that imprisonment should be in the county jail, citing 14 Col., 413, and 2 S. C., 21.

*Mr. Murphy,* solicitor, contra.

February 13, 1892. The opinion of the court was delivered by

MR. JUSTICE POPE. The appellants were separately indicted in the Court of General Sessions for Hampton County, and, by consent, were jointly tried at the June term, 1891, of such court for selling liquor without a license. The jury found the defendants guilty, whereupon Judge Norton sentenced each one to be imprisoned for six months at hard labor in the State penitentiary.

An appeal is brought here from such judgment on two grounds, "First. Because his honor erred in charging the jury 'that if the witness Dawson should be corroborated by the facts and circumstances testified to by several other witnesses, that sales of liquor were made by these parties, that you are bound, therefore, to believe the witness Dawson, if you have unbiassed judgment,' whereas it was in evidence that some of the important facts and circumstances testified to occurred after the period when the defendants were charged with selling liquor, and his honor should have charged the jury, that any such corroborating facts or circumstances could have no weight in sustaining Dawson's testimony." An examination of the "Case" discloses that the appellants were each engaged in the mercantile business in the unincorporated village of Hardeeville, in Hampton County, during the month of March, 1890, and in June, 1890, the grand

jury preferred bills of indictment against them for selling liquor
without license.    The indictment against the appellant Tatem,
charged him with such illegal sale on the 25th day of March,
1890, and that against the appellant Boyd, charged him with the
same offence on the 29th day of March, 1890.    Four witnesses
introduced by the State testified that each of the appellants during
the month of March, 1890, openly sold liquors in their respect-
ive store houses; that there was no concealment, as bottles and
barrels were freely exhibited.    In the arguments for appellants
in the Circuit Court during the trial before the jury, their coun-
sel urged that the witness Dawson, who alone in his testimony
fixed the exact date in the month of March, 1890, when each
defendant sold liquor, should not be believed, because he was
biassed, being a rival in business with the appellants, or that he
was engaged in the illicit sale of whiskey himself.    The solicitor
contended that such circumstances were not sufficient to discredit
his testimony.    In the judge's charge to the jury he placed in
contrast the arguments of the defendants' counsel and of the
solicitor in reply thereto as to the effect upon the credibility of a
witness where bias on his part is alleged.    By an inspection of
the "Case" it is readily seen that the quotation from the judge's
charge to the jury, embodied by the appellants in their first
ground of appeal, does not properly represent the judge's charge
to the jury; it is not even one sentence of the charge, and omits
qualifying words in the sentence from which the extract is taken
that occur before the words quoted as well as qualifying words
that occur afterwards.    This court has repeatedly declared that
simple justice to a judge requires that the whole charge should
be construed together.    How much more necessary is it, there-
fore, that a sentence thereof should be construed as an entirety.
We must overrule this ground of appeal.

    "Second. Because his honor, the presiding judge, erred in
        that he refused to pass alternative sentence upon the
        defendants, and because his sentence was not in con-
        formity with the requirements of section 1734 of the Gen-
eral Statutes."

The precise words of the section in question are as follows:
"Any person violating any of the provisions of this chapter

shall, upon conviction thereof, be fined in a sum of not less than two hundred dollars, or imprisoned for a term of not less than six months, or both fined and imprisoned, in the discretion of the court trying the case." * * * It is manifest that the foregoing section left it to the discretion of the Circuit Judge whether he would adjudge that the defendants should pay a fine of not less than $200, or be imprisoned for a term of not less than six months, or both fined *and* imprisoned.

But the appellants insist that the Circuit Judge should have ordered their imprisonment in the county jail rather than in the State penitentiary at hard labor. Let us see if there is any error here. By reference to the 16th volume of the Statutes at Large of this State, at page 453, it will be found, "That in every case in which imprisonment is provided as the punishment, in whole or in part, for any crime, such imprisonment shall be either in the penitentiary with or without hard labor, or in the county jail with or without hard labor, at the discretion of the Circuit Judge pronouncing the sentence." This statutory provision is now incorporated in the General Statutes as section 2615. The Circuit Judge was not in error here, and this ground of appeal must be dismissed.

It is the judgment of this court, that the judgment of the Circuit Court, in both of the cases here heard together, be affirmed.