8255

STATE v. WOOTEN.

1. EVIDENCE IN REPLY.—When a defendant in a criminal case on his direct examination says he has not been convicted of an offense like the one charged the record of a former conviction is admissible in reply.

   MR. JUSTICE FRASER *thinks this record not admissible because the defendant denied the name in the record was his.*

2. IBID.—Where it is questionable if evidence is in reply, it is admissible and saves time for the Judge to admit the evidence and permit the other side to reply.

3. SENTENCE—SECOND CONVICTION.—Where a sentence is within the terms of the statute it is not necessary to inquire if it is based on a second conviction.

Before GARY, J., Spartanburg, November term, 1911. Affirmed.

Indictment against Ed. Wooten. Defendant appeals.

*Messrs. Nichols & Nichols, T. T. McCarley* and *C. P. Sims,* for appellant, cite: *Statute relates to a former conviction under it:* 89 S. C. 140; 9 S. C. 288; 55 S. C. 205; 108 Ala. 35. *Former conviction should not be proved before jury:* 8 Rich. 460, 448; 44 S. E. 873; 69 Me. 573; 109 Pa. 54. *Introduction of the record was an improper attack on defendant's character:* 26 S. C. 120; 33 S. C. 593. *Such record is generally inadmissible:* 40 S. C. 481; 62 L. R. A. 193; 57 N. H. 245; 86 N. W. 140; 61 Pac. 872. *Identity of prisoner as person convicted before must be admitted or proved:* 34 L. R. A. 407.

*Solicitor J. C. Otts,* contra, cites: *Grounds of objection must be stated:* 89 S. C. 385; 60 S. C. 9; 62 S. C. 546. *Sentence within the statute is good:* 35 S. C. 273.

July 15, 1912. The opinion of the Court was delivered by

MR. JUSTICE WATTS. The defendant-appellant was indicted and convicted at November term of Court, 1911, for Spartanburg county, for violation of the dispensary law (acts 1909 and 1910) upon three counts, to wit: First, for the sale of alcoholic liquor in violation of section 1 of the act of 1909. Second, for maintaining a common nuisance in violation of section 1 of the act of 1910. Third, for storing alcoholic liquors for unlawful purposes in violation of section 1 of the act of 1909, and sentenced by his Honor, Judge Ernest Gary, to be confined at hard labor on the public works of Spartanburg county, or in the State penitentiary, for one year on the first count of the indictment, and at the expiration of that time to be confined at hard labor on the public works for a period of six months each, respectively, on the second and third counts of the indictment.

Thereupon defendant appealed and asks reversal of the same upon four grounds, to wit:

1. The Court erred in admitting a record purporting to be a record showing that the defendant had been convicted and sentenced in 1901 for selling liquor, over objection of defendant's counsel, without proving by the proper officer that the said record was a record in the office of the clerk of the Court of General Sessions of Spartanburg county, or any other county in the State.

2. The Court erred in overruling objection of defendant's counsel to the admission of the record, purporting to be a record showing that the defendant was convicted and sentenced in 1901 for violation of the dispensary laws, the error being that the introduction of said record was incompetent by way of reply.

3. The introduction of the record purporting to show that defendant was convicted and sentenced in 1901 for violation of the dispensary laws was erroneous, in that, (a) it was an improper method of attacking defendant's character as a witness, and (b) was irrelevant to the issue involved in the case for the reason that evidence of a conviction prior to 1909 had no bearing upon the prosecution for an offense against which an indictment had been preferred, based on the act of 1909, and (c) it was never proven that the record in question disclosed a prior conviction of the defendant at bar, in that the record of 1901 disclosed the conviction of one "W. E. Wooten," whereas the defendant in the instant case was indicted under the name of "Ed. Wooten," who denied that the conviction of W. E. Wooten applied to him.

4. The Court erred in imposing upon the defendant the increased sentence which section 11 of the act of 1909 provides in case of a second conviction of violation of the dispensary laws, the error being, that there was no evidence of a previous conviction of defendant under the act of 1909, which evidence was the *sine qua non* to the application of the increased penalty of the act.

As to Exceptions 1, 2 and 3, which questions his Honor's ruling in admitting in evidence the record of the Court of General Sessions, purporting to be a former conviction of the defendant-appellant, the record shows the following: "The solicitor offered to introduce a record of sentence against the defendant of 1901. Mr. Sims, for the defense, objected to its being introduced in evidence in reply." After ruling by the Court that it was competent, "Mr. Sims objects on the ground that the indictment referred to is against W. E. Wooten and not Ed. Wooten." These are the only grounds of objection made and the only ones ruled upon by his Honor, and the exceptions cannot be sustained as an examination of the record will disclose that the introduction of what purports to be the record of a former conviction was directly in reply to the evidence given by the defendant in his examination in chief, brought out by his attorney. But, further, his Honor allowed the defendant to go back on the stand and testify after this record had been introduced in reply by the State and defendant has no right to complain. It is very difficult for the trial Judge to carry all of the testimony in a case in his head and frequently he is in doubt as to what is strictly in reply, and valuable time would be consumed in ascertaining what has been testified to when that is the case. I see no reason why the Judge should not allow the testimony to be introduced and the other side allowed to reply to it. This certainly would cure any objection to it and render the admission of it harmless, as to it being in reply.

The defendant when recalled to the witness stand, admitted that one of the records introduced was against him and that he had paid the fine.

As to Exception 4. The acts of the legislature leave it discretionary with the trial Judge in sentencing a party convicted as to whether he will impose a fine or sentence of imprisonment, and his Honor imposed a sentence that was within his wise discretion and this excep-

tion must be overruled.  *State* v. *Boyd,* 35 S. C. 269, 14 S. E. 620.

Judgment affirmed.

MR. JUSTICE FRASER, *dissenting.*  I dissent.  It seems to me that the records of former convictions were not admissible.  The names were similar, but it is necessary to show that the persons were the same.

Records of a Court prove themselves, but they do not and cannot identify the person on trial with the defendant in former trials and until some evidence is introduced to show that the two were the same, the records are not admissible.

In this case there was not a word of proof until the defendant, after evidence was already in, was practically forced to be a witness against himself.

Besides this, the defendant was not charged with a second offense.  I do not think it is good practice to allow the State, while the presumption of innocence is still with the defendant, to prove that some one with the same name and assumed to be the defendant, is an old offender.